THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| DOUGLAS BERSAW,<br><br>             Plaintiff,<br><br>v.<br><br>DYNAMIC RECOVERY SOLUTIONS,<br><br>             Defendant. | Civil Action No. 1:15 cv-318-LM |

**DEFENDANT DYNAMIC RECOVERY SOLUTIONS'
ANSWER TO PLAINTIFF'S COMPLAINT**

The Defendant Dynamic Recovery Solutions ("DRS")[1] denies each and every allegation in the Complaint, unless otherwise admitted or qualified in this Answer, and states as follows:

Response to Introduction

DRS denies any and all parts of Plaintiff's introduction that allege any wrongdoing by DRS, including but not limited to alleged violations of the Telephone Consumer Protection Act ("TCPA"), alleged violations of the Fair Credit Reporting Act ("FCRA"), and alleged violations of several New Hampshire statutes, RSA 358-B, RSA 359-E, and RSA 358-A. DRS demands strict proof of all allegations alleged in the introduction.

Response to Preliminary Statement

1. DRS admits that Plaintiff brings this lawsuit seeking damages for alleged violations of the TCPA, FCRA, New Hampshire Consumer Credit Reporting Act, and New Hampshire Telemarketing law. DRS denies any allegations of wrongdoing alleged by Plaintiff, and demands strict proof thereof.

---

[1] Dynamic Recovery Solutions, LLC is inaccurately captioned as Dynamic Recovery Solutions.

1

2.  DRS admits that Plaintiff contends that more violations of the TCPA, FCRA, New Hampshire Consumer Credit Reporting Act, and New Hampshire Telemarketing Law by DRS may have occurred. DRS denies any allegation of wrongdoing alleged by Plaintiff and demands strict proof thereof. DRS lacks knowledge or information sufficient to respond to any statements about Plaintiff's future intentions and, as such, denies same.

3.  DRS admits that Plaintiff contends that DRS has violated laws by allegedly repeatedly calling Plaintiff via use of an automatic telephone dialing system and by allegedly leaving prerecorded messages on Plaintiff's answering machine. DRS denies any allegations of wrongdoing asserted by Plaintiff and demands strict proof thereof.

4.  DRS admits that Plaintiff contends that DRS allegedly violated RSA 359-E by repeatedly calling Plaintiff in attempts to market services. DRS denies any allegations asserting DRS called Plaintiff in attempts to market services and demands strict proof thereof.

5.  DRS admits that Plaintiff contends that DRS allegedly violated 15 U.S.C. § 1681 by obtaining Plaintiff's credit report without any permissible purpose. DRS denies any allegations of wrongdoing asserted by Plaintiff and demands strict proof thereof.

Response to Jurisdiction And Venue

5.  [sic] DRS admits that this Court has jurisdiction of the claims asserted by Plaintiff.

6.  DRS lacks knowledge or information sufficient to admit or deny the allegations set forth therein due to a potential arbitration clause between Plaintiff and the original creditor.

7.  DRS denies the allegations in paragraph 7.

Response to Parties

8. DRS admits that Plaintiff is a natural person. DRS lacks knowledge or information sufficient to admit or deny the remaining allegations, denies same, and demands strict proof thereof.

9. DRS admits that DRS is a foreign corporation with a Registered Agent in New Hampshire of Sulloway & Hollis located at 9 Capitol Street, Concord, New Hampshire 03301. DRS denies that DRS's principal office is located at 135 Interstate Boulevard, Unit 9, Greenville, South Carolina.

Response to Factual Allegations

10. DRS denies any allegations that DRS violated the TCPA. DRS lacks knowledge or information sufficient to admit or deny the allegation that Plaintiff has, in his possession, recordings of messages allegedly left by DRS, therefore denies same and demands strict proof thereof.

11. DRS denies the allegations in paragraph 11.

12. DRS lacks knowledge or information sufficient to admit or deny the allegation that since July of 2013, Plaintiff's telephone number(s) have been listed on the National DO NOT CALL Registry.

13. DRS admits making calls to Plaintiff regarding outstanding accounts. DRS admits that, at times, it makes a profit when it collects a debt. DRS specifically denies that it made calls to Plaintiff to market goods or services.

14. DRS denies the allegations in paragraph 14.

## Response to Count I
### Violations of The Telephone Communications Act 47 U.S.C. § 227

13. [sic] DRS adopts by reference the prior paragraphs of this Answer.

14. DRS denies the allegations in paragraph 14.

15. DRS denies the allegations in paragraph 15.

16. DRS denies the allegations in paragraph 16.

17. DRS denies the allegations in paragraph 17.

### Response to Prayer for Relief Related to Count I

DRS denies Plaintiff's allegations that any judgment for statutory and punitive damages is available to Plaintiff, denies attorney's fees and costs are available to Plaintiff, and asserts Plaintiff's claims should be dismissed with prejudice. DRS also asserts that judgment be granted in its favor and that the relief requested by Plaintiff be denied, that all costs be taxed to Plaintiff, and for such other and further relief as the Court deems just and proper.

## Response to Count II
### Violations of the Telephone Communications Act 47 U.S.C. § 227(c)(5)

19. [sic] DRS adopts by reference the prior paragraphs of this Answer.

20. DRS denies the allegations in paragraph 20.

21. DRS denies the allegations in paragraph 21.

### Response to Prayer for Relief Related to Count II

DRS denies Plaintiff's allegations that any judgment for statutory and punitive damages is available to Plaintiff, denies attorney's fees and costs are available to Plaintiff, and asserts Plaintiff's claims should be dismissed with prejudice. DRS also asserts that judgment be granted in its favor and that the relief requested by Plaintiff be denied, that all costs be taxed to Plaintiff, and for such other and further relief as the Court deems just and proper.

Count III
<u>Violation of Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et. seq.* by Defendant DRS</u>

22. DRS adopts by reference the prior paragraphs of this Answer.

23. DRS denies the allegations in paragraph 23.

24. DRS denies the allegations in paragraph 24.

<u>Response to Prayer for Relief Related to Count III</u>

DRS denies Plaintiff's allegations that any judgment for statutory and punitive damages is available to Plaintiff, denies attorney's fees and costs are available to Plaintiff, and asserts Plaintiff's claims should be dismissed with prejudice. DRS also asserts that judgment be granted in its favor and that the relief requested by Plaintiff be denied, that all costs be taxed to Plaintiff, and for such other and further relief as the Court deems just and proper.

Count IV
<u>Violation of RSA 359-B New Hampshire Fair Credit Reporting Act by Defendant DRS</u>

25. DRS adopts by reference the prior paragraphs of this Answer.

26. DRS admits the allegations in paragraph 26.

27. DRS denies the allegations in paragraph 27.

28. DRS admits that Plaintiff alleges that there is no debt owing to DRS on which DRS had a right to collect nor has there been any account that DRS could claim to be reviewing or on which attempting to collect. DRS specifically denies it violated RSA 358-B by obtaining credit reports without a permissible purpose. DRS denies any and all remaining allegations asserted in this paragraph.

<u>Response to Prayer for Relief Related to Count IV</u>

DRS denies Plaintiff's allegations that any judgment for statutory and punitive damages is available to Plaintiff, denies attorney's fees and costs are available to Plaintiff, and asserts

Plaintiff's claims should be dismissed with prejudice. DRS also asserts that judgment be granted in its favor and that the relief requested by Plaintiff be denied, that all costs be taxed to Plaintiff, and for such other and further relief as the Court deems just and proper.

## Count V
### Violations of the New Hampshire Telemarketing Act RSA 359-E by Defendant DRS

29. DRS adopts by reference the prior paragraphs of this Answer.

30. DRS denies the allegations in paragraph 30.

31. DRS lacks knowledge or information sufficient to admit or deny the allegations, denies same and demands strict proof thereof.

32. DRS admits making calls to Plaintiff. The remaining allegations are denied.

33. DRS denies the allegations in paragraph 33.

### Response to Prayer for Relief Related to Count V

DRS denies Plaintiff's allegations that any judgment for statutory and punitive damages is available for Plaintiff, denies attorney's fees and costs are available to Plaintiff, and asserts Plaintiff's claims should be dismissed with prejudice. DRS also asserts that judgment be granted in its favor and that the relief requested by Plaintiff be denied, that all costs be taxed to Plaintiff, and for such other and further relief as the Court deems just and proper. Further, DRS denies that Plaintiffs "**NOTE**" constitutes an accurate portrayal of the language of the statute referenced.

### Response to Count VI
### Violation of New Hampshire Consumer Protection Act RSA 358-A:2 by Defendant DRS

34. DRS adopts by reference the prior paragraphs of this Answer.

35. DRS admits making calls to Plaintiff. The remaining allegations are denied.

36. DRS denies the allegations in paragraph 36.

Response to Prayer for Relief Related to Count VI

DRS denies Plaintiff's allegations that any judgment for statutory and punitive damages is available for Plaintiff, denies attorney's fees and costs are available to Plaintiff, and asserts Plaintiff's claims should be dismissed with prejudice. DRS also asserts that judgment be granted in its favor and that the relief requested by Plaintiff be denied, that all costs be taxed to Plaintiff, and for such other and further relief as the Court deems just and proper.

Response to Demand for Jury Trial

To the extent that DRS is required to respond to Plaintiff's Demand for Jury Trial, DRS admits that Plaintiff demands a trial by jury of all issues so triable as a matter of law. DRS denies that Plaintiff has any issues triable as a matter of law. Further, DRS denies any and all liability alleged by Plaintiff.

AFFIRMATIVE DEFENSES

FIRST DEFENSE

Plaintiff failed to state a claim upon which relief can be granted, and therefore Plaintiff's claims should be dismissed pursuant to Rule 12(b)(6) Fed. R. Civ. P.

SECOND DEFENSE

Any violation of the law or damage suffered by Plaintiff, which DRS denies, was due to the affirmative actions and/or omissions of Plaintiff or others, and does not give rise to any liability against DRS.

THIRD DEFENSE

While DRS denies that Plaintiff has been damaged in any way, if it should be determined that Plaintiff has been damaged, then DRS alleges such damage was not caused by DRS, but was

proximately caused or contributed to by the conduct of others for whom DRS is not responsible or liable.

### FOURTH DEFENSE

Plaintiff's Complaint and purported claims are barred in whole or in part by the doctrine of consent and/or Plaintiff's express consent, and because DRS did not use an automatic telephone dialing system.

### FIFTH DEFENSE

Plaintiff's Complaint and purported claims for relief are barred in whole or in part because DRS at all times acted in a reasonable manner and in good faith.

### SIXTH DEFENSE

DRS contends that it did not engage in any conduct that was outrageous, intentional or malicious, or done with reckless disregard to Plaintiff. DRS also alleges that it never engaged in any knowing, willful, or fraudulent conduct with respect to Plaintiff.

### SEVENTH DEFENSE

Plaintiff's Complaint and purported claims for relief are barred in whole or in part because DRS was acting with a permissible purpose, as defined by statute.

### EIGHTH DEFENSE

Plaintiff may, based upon an agreement with the original creditor, be contractually obligated to arbitrate any dispute, claim or controversy which arises out of the transaction that is the subject matter of the instant litigation.

### NINTH DEFENSE

Plaintiff's claims alleging DRS violated RSA 359-B, RSA 359-E, and RSA 358-A:2 are preempted in whole or in part by federal law.

## TENTH DEFENSE

DRS reserves the right to assert any other defenses that may become available during discovery proceedings, or otherwise, in this case and hereby reserves the right to amend its Answer to assert any such defenses.

This the 13th day of October, 2015.

                                          DEFENDANT DYNAMIC
                                          RECOVERY SOLUTIONS,
                                          By its Attorneys,

                                          s/ Robert A. McCall
                                          Robert A. McCall
                                          NH Bar No. 14221
                                          Peabody & Arnold, LLP
                                          Federal Reserve Plaza
                                          600 Atlantic Avenue
                                          Boston, Massachusetts 02210
                                          (617) 951-2077
                                          rmccall@peabodyarnold.com

## CERTIFICATE OF SERVICE

I, Robert A. McCall, hereby certify that on the 13th day of October, 2015 I served the foregoing document by electronic mail through the Clerk of Court's ECF System and by depositing a copy of the same in the United States Mail to:

Douglas Bersaw
139 Tully Brook Road
Richmond, New Hampshire 03470

                                          s/ Robert A. McCall
                                          Robert A. McCall

852957_1
1518-201